IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-052 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **AFFIRMED,** and this case be **CLOSED**.

**I.      BACKGROUND**

Plaintiff applied for SSI on March 31, 2017, alleging a disability onset date of March 23, 2008. Doc. no. 9-7; Tr. ("R") 45. Plaintiff was forty years old on his application date and forty-nine years old when the Administrative Law Judge ("ALJ") issued the decision currently under consideration. Doc. no. 9-3; R. 54, 105. Plaintiff applied for SSI based on depression, headaches, hearing loss, allergies, a weak immune system, acid reflux, micro-prolax, sinusitis, scoliosis,

irritable bowel syndrome, hernias, arthritis, chronic pain, and mental disorders.  R. 459.  Prior to this 2017 application, Plaintiff also applied for Disability Insurance Benefits ("DIB") in 2008 and his case was denied and later closed on November 13, 2015.  R. 112.

Plaintiff's application was denied initially and upon reconsideration.  Doc. no. 9-3; R. 125-141.  ALJ Antony Saragas held a video hearing on December 12, 2017, and heard testimony from Plaintiff and vocational expert witness ("VW") Kim Bates, MS, CRC.  R. 87-92, 319-320.  On May 10, 2019, the ALJ issued an unfavorable decision.  R. 45-55.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1.    The claimant has not engaged in substantial gainful activity since March 31, 2017, the application date (20 CFR 416.971 et seq.).

2.    The claimant has the following severe impairments: tachycardia, heart palpitations and mitral valve prolapse; lumbar spine degenerative disc disease; multi-joint osteoarthritis; hypertension; hypothyroidism; hyperlipidemia; bipolar disorder; and depression (20 CFR 416.920(c)).

3.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967 (c) except he can perform no more than two hours of uninterrupted concentration, persistence or pace. Further, the claimant can frequently balance, stoop, kneel, crouch, crawl, climb ramps and stairs, and he can occasionally climb ladders, ropes, or scaffolds. The claimant can tolerate occasional exposure to extreme temperatures, workplace hazards such as moving mechanical parts and unprotected heights, and pulmonary irritants such as dust, odors, gases, and fumes.  Additionally, the claimant can tolerate occasional changes in the workplace environment and routine, as well as occasional interaction with coworkers, supervisors, and the public. The claimant requires proximity to a restroom as in any typical office environment.

5.    The claimant is unable to perform any past relevant work (20 CFR 416.965).

6.      The claimant has not been under a disability, as defined in the Social Security Act, since March 31, 2017, the date the application was filed (20 CFR 416.920(g)).

R. 47-55.  When the Appeals Council denied Plaintiff's request for review on May 8, 2020, (R. 37), the Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).  Plaintiff filed this civil action requesting reversal or remand.

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).   When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner

even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff argues: (1) the ALJ did not offer Plaintiff an opportunity to cross-examine the VW, (2) the ALJ performed an inadequate evaluation of evidence in determining Plaintiff's RFC, and (3) the Social Security Administration's ("SSA") structure unconstitutionally violates the separation of powers.  See Pl.'s Br., doc. no. 11, pp. 4-5.  The Commissioner maintains the ALJ's decision should be affirmed.

### A.   Plaintiff's Inability to Question the Vocational Witness Does Not Justify Remand

It is undisputed the ALJ failed to provide Plaintiff any opportunity to cross-examine the VW.  This is clear from the transcript.  It is equally clear the ALJ erred.  Where, as here, a claimant proceeds before the ALJ without legal representation, the Commissioner's regulations provide the

claimant "shall" be allowed to question witnesses.  20 C.F.R § 404.950(e); see also San Miguel v. Astrue, No. 1:10CV969, 2012 WL 1080581, at * 5 (M.D. Ala. Mar. 30, 2012) (recognizing ALJ should have allowed claimant's representative to ask VW question supported by record evidence). On more than one occasion, the Eleventh Circuit has recognized the ability to cross-examine a VW implicates a claimant's due process rights.  See, e.g., Sanabria v. Comm'r of Soc. Sec., 303 F. App'x 834, 841 & n.4 (11th Cir. 2008) (finding no due process violation where claimant was allowed to cross-examine the VE); Gordon v. Astrue, 249 F. App'x 810, 813 (11th Cir. 2007) (finding no due process violation where claimant had meaningful opportunity for cross-examination of VE).

However, to justify remand, Plaintiff must point to evidentiary gaps resulting in unfairness or clear prejudice beyond mere speculation.  Thomas v. Comm'r of Soc. Sec., 841 F. App'x 128, 131 (11th Cir. 2020) (internal quotation marks and citations omitted); Graham, 129 F.3d at 1423; Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982).  Plaintiff does not attempt to show either evidentiary gaps or prejudice, but instead merely points out the ALJ's failure to allow cross-examination.  This argument thus fails.  Notably, Plaintiff also argues the ALJ failed in his heightened duty to ask the VW specific questions and properly *voir dire* the VW, but he conceded such an alleged error does not warrant remand.  Pl.'s Br., p. 10.

### B.      The ALJ Did Not Err in Evaluating Plaintiff's Limitations

Plaintiff argues he cannot qualify for any work because the RFC limited him to only occasional exposure to respiratory irritants, and very few job environments are completely free of irritants.  Pl.'s Br., pp. 11-16.  He also argues the ALJS erred by failing to account for his moderate limitation in concentrating, persisting, and maintaining pace.  Id.  The Court disagrees.

### 1.      Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or his impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).

### 2.      The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction.  Id.  When discrediting a

claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or non-treating sources about how the symptoms affect the claimant in deciding the issue of disability."  Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).  However, as explained *supra*, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance.  See SSR 96-5p; see also 20 C.F.R. § 404.1527(d).

"Credibility determinations are, of course, for the [Commissioner], not the courts."  Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character . . . .  Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms.  We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2016 WL 1020935, at *14167 (orig. publ. Mar. 16, 2016).  Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is

supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[1]  As

the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the
> implication must be obvious to the reviewing court.  The credibility determination
> does not need to cite particular phrases or formulations but it cannot merely be a
> broad rejection which is not enough to enable [the district court or this Court] to
> conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations

omitted).  Finally, in conducting its review, the Court is mindful the question is not whether the

ALJ could have reasonably credited Plaintiff's complaints, but rather, "whether the ALJ was

clearly wrong to discredit" them.  Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th

Cir. 2011) (per curiam).

### 3.      The ALJ Did Not Err When Failing to Find Plaintiff Disabled Despite the Limitation of Occasional Exposure to Respiratory Irritants

Plaintiff argues that, because the ALJ limited him to occasional exposure to irritants, this

finding results in an automatic finding of disability pursuant to Social Security Ruling (SSR) 85-

15, 1985 WL 56857 (1985), which provides in pertinent part as follows:

> Where an individual can tolerate very little noise, dust, etc., the impact on the
> ability to work would be considerable because very few job environments are
> entirely free of irritants, pollutants, and other potentially damaging conditions.
>
> Where the environmental restriction falls between very little and excessive,
> resolution of the issue will generally require consultation of occupational
> reference materials or the services of a [vocational witness].

SSR 85-15, 1985 WL 56857, at *8.  Plaintiff claims he qualifies under the first paragraph, but

"very little" tolerance is not the same as the ALJ's finding of occasional exposure tolerance.

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the
Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed
down prior to October 1, 1981.

Plaintiff's tolerance falls under the second paragraph, somewhere between "very little" and "excessive." The ALJ's reliance on the VW is thus in complete agreement with SSR85-15. See e.g., Grinstead v. Comm'r of Soc. Sec., 2015 WL 1021406, at *5 (E.D. Cal. Mar. 9, 2015) (finding to occasional exposure to pulmonary irritants falls under the second paragraph such that it is proper to consult occupational reference materials or VE).

### 4.    The ALJ Included Plaintiff's Moderate Limitation in the RFC

Plaintiff argues the ALJ omitted from the RFC his own finding that Plaintiff has a moderate limitation in the ability to interact with others, concentrate, persist, and maintain pace. After a thorough review of the record, the ALJ limited Plaintiff to no more than two hours of uninterrupted concentration, persistence, or pace. This time limitation sufficiently addresses the limitation, as many courts have held. See e.g., Cochran v. Berryhill, 2018 WL 3122438, at *6 (D. Md. June 26, 2018); Gill v. Berryhill, 2018 WL 2107196, at *4 (W.D.N.C. May 7, 2018); Roope v. Berryhill, 2017 WL 1364603, at *3 (W.D.N.C. Apr. 13, 2017); Fender v. Berryhill, 2018 WL 1536485, at *7 (W.D.N.C. Mar. 29, 2018). While Plaintiff cites the Program Operations Manual System (POMS) DI 25020.010(B)(2) (SSA Apr. 5, 2007) in support of his argument, this argument fails because POMS is not a regulation and has no binding force here. Wells v. Michael J. Astrue, 2010 WL 3894788, at *4 (M.D. Fla. 2010) (citing Schweiker v. Hansen, 450 U.S. 785, 789 (1981)). Therefore, the ALJ properly accounted for Plaintiff's moderate limitation in concentration, persistence, or pace in his RFC assessment and thus, made no legal error.

### C.    The ALJ Did Not Err In His Consideration of the Statement by Keenan Pacust

Plaintiff argues the ALJ erred in identifying a statement by Keenan Pacust, BS, PP as a third-party statement rather than a statement by a treating source. Pl.'s Br., p. 13. Mr. Pacust

claimed to be "involved" in Plaintiff's "case management" at Pineland Community Service, and he issued a rather bold opinion that Petitioner experienced difficulty doing most anything including standing, walking, and even talking.  Plaintiff claims the ALJ should have considered Mr. Pacust's statement as one from a treating source rather than merely a third party.  The argument fails.

The revised regulations, applicable to claims filed after March 27, 2017, eliminated the treating source rule.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).  The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, nature and length of the treatment relationship, specialization, and other miscellaneous factors.  20 C.F.R. §§ 404.1520c(c) & 416.920c(c)(1)-(c)(5).  This analysis only applies when a statement qualifies as a medical opinion, defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in [certain abilities]."  20 C.F.R. § 404.1513(a)(2).  In contrast, "other medical evidence" is "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  Id. at (a)(3).  Relevant here, a medical source is "an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law . . . ."  20 C.F.R. § 404.1502(d).

Mr. Pacust does not qualify as a medical source, and his statement does not qualify as a medical opinion.  Nevertheless, the ALJ identified his statement and found it generally unpersuasive.  There is no error here.

**D.      Plaintiff's Constitutional Arguments Do Not Entitle Him to Remand**

Plaintiff argues the ALJ's decision denying his claim was constitutionally defective because the Social Security Act violates the separation of powers by limiting the President's authority to remove the Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3).  The parties agree this code section violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause.  This does not, however, entitle Plaintiff to remand because he has failed to show the President's inability to remove the Commission without cause had any effect on the ALJ's determination of Plaintiff's disability claim.  See Kaufmann v. Kijakazi, 32 F.4th 843 (9th Cir. 2022) (holding harm from § 902(a)(3)'s unconstitutionality cannot be based on "speculation alone"); Nichole Delores Ford v. Kilolo Kijakazi, No. CV 21-1432, 2022 WL 1203731, at *6 (E.D. Pa. Apr. 22, 2022) (plaintiff must show removal restriction caused harm, not Commissioner Saul himself).

In reality, "the President's choice of Social Security Commissioner has very little impact on the result of any particular ALJ or Appeals Council decision." Katrina R. v. Comm'r of Soc. Sec., No. 2:21-CV-4276, 2022 WL 190055, at *5 (S.D. Ohio Jan. 21, 2022), *adopted sub nom.* Richards v. Comm'r of Soc. Sec., 2022 WL 456693 (S.D. Ohio Feb. 15, 2022).  Just as the first Court to address this issue in the Eleventh Circuit found, "[t]he ALJ's decision here was based upon an uncontested factual record and the application of established law, including case law, which generally cannot be changed by the Commissioner." Perez-Kocher v. Comm'r of Soc. Sec., No. 6:20-CV-2357-GKS-EJK, 2021 WL 6334838, at *5 (M.D. Fla. Nov. 23, 2021), *adopted by* 2022 WL 88160 (M.D. Fla. Jan. 7, 2022).

IV.    **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **AFFIRMED,** and this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of December, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA